# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| SALLY S. PITTMAN DUSABLON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-2699-SHL-tmp |
| | ) | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
|    Defendant. | ) | |

## ORDER GRANTING UNOPPOSED MOTION TO REVERSE AND REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)

Before the Court is the Commissioner of Social Security's unopposed Motion to Reverse and Remand with Suggestions in Support, filed March 15, 2024. (ECF No. 21.) For the reasons set forth in the Motion and discussed below, the motion is **GRANTED**, and a final judgment reversing the Administrative Law Judge's ("ALJ") decision and remanding this case to the Commissioner will be entered contemporaneously with this Order. In the motion, the Commissioner moves the Court to reverse the ALJ's decision and remand this action to the Commissioner "for further administrative proceedings" which "includ[e] the opportunity for a hearing, further development of the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and issuance of a new decision." (Id. at PageID 1778, 1779.) The Commissioner submits that remand by this Court is appropriate under 42 U.S.C. § 405(g), which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

See also, e.g., Melkonyan v. Sullivan, 501 U.S. 89, 101–02 (1991) ("[I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six."); Newkirk v. Shalala, 25 F.3d 316, 317–18 (6th Cir. 1994) (same). "Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Shalala v. Schaefer, 509 U.S. 292, 297 (1993) (citations omitted). For the foregoing reasons, the Court **GRANTS** the Motion; **REVERSES** the decision of the ALJ; **REMANDS** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g); and will enter judgment pursuant to Federal Rule of Civil Procedure 58, accordingly.

    **IT IS SO ORDERED,** this 15th day of March, 2024.

    s/ Sheryl H. Lipman
    SHERYL H. LIPMAN
    CHIEF UNITED STATES DISTRICT JUDGE